

Revised 03/06 WDNY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

### FORM TO BE USED IN FILING A COMPLAINT
### UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983
(Prisoner Complaint Form)

All material filed in this Court is now available via the **INTERNET**. See **Pro Se Privacy Notice** for further information.

### 1. CAPTION OF ACTION

**A.** **Full Name And Prisoner Number of Plaintiff:** NOTE: *If more than one plaintiff files this action and seeks in forma pauperis status, each plaintiff must submit an in forma pauperis application and a signed Authorization or the only plaintiff to be considered will be the plaintiff who filed an application and Authorization.*

1.___RICHARD BOWDEN , # 13-B-0137_____

2._____

-VS-

FILED
SEP 11 2015
MICHAEL J. ROEMER, CLERK
WESTERN DISTRICT OF...

JURY TRIAL DEMANDED

**B.** **Full Name(s) of Defendant(s) NOTE:** *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant. If you have more than six defendants, you may continue this section on another sheet of paper if you indicate below that you have done so.*

1. CITY OF BUFFALO

2. MICHAEL J. ACQUINO (POLICE OFFICER)

3. MARK HAMILTON (POLICE OFFICER)

4. ERIE COUNTY MEDICAL CENTER

5. JANE DOE #1 (DOCTOR- ECHC)

6. JANE DOE #2 (NURSE-ECHC)

7. JANE DOE #3 (NURSE-ECHC)

### 2. STATEMENT OF JURISDICTION

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), and 2201.

### 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION NOTE:** *To list additional plaintiffs, use this format on another sheet of paper.*

Name and Prisoner Number of Plaintiff:__Richard Bowden, #13-B-0137_____

Present Place of Confinement & Address:_Wyoming Correctional Facility, P.O. BOX

_501, Attica,New York 14011_____

Name and Prisoner Number of Plaintiff:_____

Present Place of Confinement & Address:_____

**DEFENDANT'S INFORMATION  NOTE:** *To provide information about more defendants than there is room for here, use this format on another sheet of paper.*

Name of Defendant:   CITY  OF  BUFFALO

(If applicable) Official Position of Defendant:

(If applicable) Defendant is Sued in _____ Individual and/or  X  _____ Official Capacity

Address of Defendant:  CITY  OF  BUFFALO  LAW  DEPARTMENT


Name of Defendant: MICHAEL  J.  ACQUINO

(If applicable) Official Position of Defendant: CITY  OF  BUFFALO  POLICE  OFFICER

(If applicable) Defendant is Sued in _____ Individual and/or  X  ____ Official Capacity

Address of Defendant:  CITY  OF  BUFFALO  POLICE  DEPARTMENT , 74  Franklin

 Street, Buffalo, New York 14202


Name of Defendant: MARK  HAMILTON

(If applicable) Official Position of Defendant: CITY  OF  BUFFALO  POLICE  OFFICER

(If applicable) Defendant is Sued in _____ Individual and/or  X  ____ Official Capacity

Address of Defendant:  CITY  OF  BUFFALO  POLICE  DEPARTMENT , 74  Franklin

 Street, Buffalo, New York 14202

ADDITIONAL  PAGE  ADDED  NEXT  WITH  FOUR  MORE  DEFENDANTS(page 2b)


## 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

A.    Have you begun any other lawsuits in **state or federal court** dealing with **the same facts involved in this action**?
          Yes_____  No X

If Yes, complete the next section.  NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1.    Name(s) of the parties to this other lawsuit:

          Plaintiff(s):

          Defendant(s):


2.    Court (if federal court, name the district; if state court, name the county):


3.    Docket or Index Number:

4.    Name of Judge to whom case was assigned:

ADDITIONAL  DEFENDANTS

Name of Defendant: ERIE COUNTY MEDICAL CENTER

Official Position of Defendant: Medical Provider

Defendant Sued In: Individual Capacity

Address of Defendant: 462 Grider Street, Buffalo, New York 14215

Name of Defendant: Jane Doe #1

Official Position of Defendant: Medical Doctor

Defendant Sued In: Individual Capacity

Address of defendant: ERIE COUNTY HOLDING CENTER, 10 Delware
Avenue, Buffalo, New York 14202

Name of Defendant: Jane Doe #2

Official Position of Defendant: Nurse
Defendant Sued In: Individual Capacity

Address of Defendant: ERIE COUNTY HOLDING CENTER,10 Delware
Avenue, Buffalo, New York 14202

Name of Defendant: Jane Doe #3

Official Position of Defendant: Nurse

Defendant Sued In: Individual Capacity

Address of Defendant: ERIE COUNTY HOLDING CENTER, 10 Delware
Avenue, Buffalo, New York 14202

5.      The approximate date the action was filed:_____

6.      What was the disposition of the case?

          Is it still pending? Yes____ No____

                  If not, give the approximate date it was resolved._____

          Disposition (check the statements which apply):

          ____ Dismissed (check the box which indicates why it was dismissed):

                  ____  By court *sua sponte* as frivolous, malicious or for failing to state a claim
                           upon which relief can be granted;

                  ____  By court for failure to exhaust administrative remedies;

                  ____  By court for failure to prosecute, pay filing fee or otherwise respond to a court
                           order;

                  ____  By court due to your voluntary withdrawal of claim;

          ____ Judgment upon motion or after trial entered for

                  ____ plaintiff

                  ____ defendant.


B.      Have you begun **any other lawsuits** in **federal court** which **relate to your imprisonment**?

                  Yes____   No X___

If Yes, complete the next section. NOTE: *If you have brought more than one other lawsuit dealing with your imprisonment,
use this same format to describe the other action(s) on another sheet of paper.*

1.      Name(s) of the parties to this other lawsuit:

                  Plaintiff(s):_____

                  _____

                  Defendant(s):_____

                  _____

2.      District Court:_____

3.      Docket Number:_____

4.      Name of District or Magistrate Judge to whom case was assigned:_____

                  _____

5.      The approximate date the action was filed:_____

6.      What was the disposition of the case?

                  Is it still pending? Yes____ No____

                           If not, give the approximate date it was resolved._____

Disposition (check the statements which apply):

_____ Dismissed (check the box which indicates why it was dismissed):

_____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

_____ By court for failure to exhaust administrative remedies;

_____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

_____ By court due to your voluntary withdrawal of claim;

_____ Judgment upon motion or after trial entered for

_____ plaintiff

_____ defendant.

## 5. STATEMENT OF CLAIM

For your information, the following is a list of some of the most frequently raised grounds for relief in proceedings under 42 U.S.C. § 1983. (This list does not include **all** possible claims.)

| | | |
|---|---|---|
| • Religion | • Access to the Courts | • Search & Seizure |
| • Free Speech | • False Arrest | • Malicious Prosecution |
| • Due Process | • Excessive Force | • Denial of Medical Treatment |
| • Equal Protection | • Failure to Protect | • Right to Counsel |

**Please note that** it is not enough to just list the ground(s) for your action. You **must** include a statement of the facts which you believe support each of your claims. In other words, tell the story of what happened to you but do not use legal jargon.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). **Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

## Exhaustion of Administrative Remedies

Note that according to **42 U.S.C. § 1997e(a)**, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prison er confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

You must provide information about the extent of your efforts to grieve, appeal, or otherwise exhaust your administrative remedies, and you must attach copies of any decisions or other documents which indicate that you have exhausted your remedies for each claim you assert in this action.

4

## 6. EXHAUSTION OF ADMINISTRATIVE
REMEDIES

8. Plaintiff herein states from the dates of 9-21-12 and 9-26-12 (5 day period), the grievance system in fact was not made available to him; staff mislead and obstructed all attempts to launch any complaint other than a verbal complaint outside of one single letter sent to the head nurse.

## 7. STATEMENT OF CLAIM

9. Plaintiff reallege and incorporate by reference paragraphs 1-8, and sections 1-6 by reference paragraphs herein.

10. At all times herein defendants were **"persons"** for purposes of 42 U.S.C. Section 1983 and acted under color of law to deprive plaintiff of his constitutional rights, as set forth more fully below.

## 8. STATEMENT OF FACTS

### A. Use of Force, Excessive Force

11. On 9-21-2012, at around 4:35 p.m., Plaintiff along with another individual were near a vehicle that was parked on the street by a sidewalk. The Plaintiff and person to whom he was talking too (Milton Houston), did not own the vehicle. Neither did either of them know the vehicle's owner who appeared to be working on with the hood and trunk up, and the doors opened. The owner of the vehicle appeared to be working on his stereo system. Petitioner was on his way back from the store carrying his purchase. It was mere coincident that the place where they'd met were by the vehicle.

12. The owner of the car was standing by it with his stereo player in his hand which he appeared to be fixing or replacing.

5.

13. While Plaintiff and Houston was talking a Buffalo City Police
    Department cruiser stopped, and from inside the cruiser asked
    Plaintiff and Houston if either of them was Chicago (Plaintiff
    assumed that Chicago was merely a name the officers were using
    as an excuse to stop and harass him.)

14. The officers proceeded to drive slowly down the street, then
    stopped, then started backing the car up. Plaintiff felt that
    the officers stopping to question he and Houston were merely
    a tactic of harassment.

15. The officers began speaking again to them.
    Plaintiff decided he would leave. At no time did either of the
    officers order Plaintiff not to leave, or that he or Houston
    were under arrest for anything.

16. The officers exited their car and began walking over. Officer
    Aquino attempted to grab Plaintiff's arm. Not knowing his true
    intentions and knowing there was no warrants for his arrest, he
    wondered why the officer was grabbing him so aggressively.

17. Plaintiff turned and began to run away. In his pocket he carried
    a concealed weapon, a small handgun, because the neighborhood
    was dangerous, and in 2003 his cousin was murdered and threats
    were also made against his life. The gun he carried was illegal.
    Plaintiff have never been charged with assault on another
    individual, though in the past he had been charged with
    resisting arrest. Plaintiff was actively employed as a
    plumber at the time.

18. While running, Plaintiff pulled the handgun from his pocket and
    threw it away from him upon the ground.

19. Officer Acquino tackled Plaintiff and he fell to the ground.
    Though he fell quite hard, the fall did not break his arm.

20. Officer Acquino then began punching the Plaintiff over his body,
    including to the head while he was defenseless, not struggling,
    nor resisting in any way.

21. Officer Mark Hamilton joined in on the assault upon the Plaintiff.
    He began kicking and stomping on him.

22. During this assault Plaintiff's arm was broken in two places.
    He had a swollen face and bruises over his body from the beating.
    Because the broken arm was such a severe injury, medical staff
    at both Erie County Medical Center and at Erie County holding
    Center completely ignored the bruises, beliving they were
    too minor.

23. An ambulance eventually arrived, nevertheless it took nearly an hours before Plaintiff was delivered to hospital and seen by medical staff, though the hospital was only about six (6) blocks away from where incident occurred. His arrival time was 5:32 p.m.

24. Defendants Acquino and Hamilton in their statements as to the reason for stopping, questioning and harassing him, was because a person-other than Plaintiff- was in possession of a radio that had wires sticking out. However, their was no investigation whatsoever as to the source of the radio, to whom it belonged, or as to why the person who had it was in possession of it. Had they truly believed the radio was product of some crime- Theft or other felony- they would have at the very least made an inquiry as to the owner of that radio. There is no record of this ever happening, thus, raising legitimate questions as to the real reason of the stop. Plaintiff will need extensive plastic surgery to attempt to remove horrible scars.

## B. Inadequate Medical Care-ECMC

25. Carelessly, on 9-21-2012, Ryane Snyder, doctor at the Erie County Medical Center, failed to make a proper referral for medical care of plaintiff which should have been an immediate surgery due to the extent of the severe injury. Though Doctor Snyder did state that an immediate surgery was needed and necessary.

26. The most and primary care that Plaintiff received was having a long piece of plastic (about 6"long) placed along the breaks on the arm, then arm and plastic being wrapped with an ace bandage. The Plaintiff was suffering extreme pain. Primary care provider listed as unknown.

27. The medication prescribed to Plaintiff was ineffective which left him in constant severe pain, and more, which persisted for five days unnecessarily.

28. In the 9/21/12 medical report there is states "left wrist pain after injury in altercation""leftforearm pain after injury in altercation, "There are trans-verse fractures of the distal left radius and ulna. The distal radial fragment is volar angulated. The distal ulnar fragment is minimally dorsally angulated."

29. In spite of such injuries surgery was not conducted until five days later. A period in which a combination of ineffective medication was prescribed. Even today the Plaintiff suffers from pain from injury. Finds difficulty in lifting non-heavy objects; and has a large terrible looking scar on arm. Furthermore, Plaintiff was left in an in-secured semi-cast for a complete five (5) days with broken bones shifting when he moved arm.

C. Inadequate Medical Care-ECHC

30. Though Dr. Snyder had stated immediate surgery was necessary, Defendants officers Acquino and Hamilton transferred Plaintiff to the Erie County Holding Center, when due to the extent of the injuries he should not have been released from the Erie County Medical Center.

31. Plaintiff, despite his injuries, were placed/housed in general population instead of in the infirmary at ECHC and was there held before and after his surgery.

32. Defendant Dr. "Jane Doe" #1 who oversaw patients at ECHC did not visit with Plaintiff until after his third day there. She stated that Plaintiff needed immediate surgery (The same as Dr. Snyder had stated three days prior.) Dr. Jane Doe #1 stated she would put Plaintiff in for an immediate surgery,however a surgery did not occur until two days later.

33. Dr. Jane Does #1 stated that the semi-cast treatment that had been provided to Plaintiff was improper treatment for that type of severe injury. Doctor Jane Doe further stated Plaintiff should have never been released from ECMC in that condition.

34. Defendant "Jane Doe" #2 was a care providing nurse for the Plaintiff for the five days before the actual surgery at ECHC. She was a nurse who delivered medication to him. She received his complaints about medication being ineffective. The medications failed to relieve the extreme pain. The combination of medication led to hazzardous conditions such as dizziness, fatique, no bowel movement, lack of sleep, headaches, emotional and mental distress, all in excess of the original injury, and during a time he was not allowed to be in facility infirmary for observation, and prevented from making any meaningful complaints that might bring relief.

35. Defendant "Jane Doe" #3 was a nurse that also worked beside, and in conjunction with Jane Doe #2. Three days after injury, and after receiving complaints that the prescribed medications were not working to curve the pain and was causing horrible side effects, revealed that the combination of medication prescribed to him was an improper combination. Nevertheless, Plaintiff was left on the medication for an additional two (2) days and up until the actual surgery occurred. Plaintiff was allowed to suffer in pain with additional side-effects for the complete 5 days before surgery.

36. Petitioner wanted to complain officially and was told by staff and nurses to write to the "Head Nurse" which he did in an letter addressed to the "Head Nurse" at ECHC; He did not receive a response. He was told there was no official grievance process other than an letter to the head nurse. Plaintiff now believe that he was mislead by staff claiming ECHC had no official grievance process and this is an obstruction of the grievance process. But more importantly, it left Plaintiff in a position where he suffered without being provided an opportunity to have his complaints officially addressed.

37. Plaintiff believe and hope that discovery will reveal the identity of each Jane Doe listed in this complaint.

38. In the past the Plaintiff had never suffered from any broken bones. Though his past criminal history consists of criminal possession of weapons, he had never been accused or convicted of use of a fire-arm; nor assault; nor robbery; nor drug sales or possession.

Conclusion

39. The Buffalo Police, based on information and belief, was under investigation for improper tactics and brutality at the time of incident and after.

## CLAIMS

A. First Claim: Defendant, City of Buffalo, failed in its duty to properly train it's Police Officers, properly counsel and train against police brutality, racial profiling, in the use of force, and it breached it's duty to protect petitioner from harm, under color of state law.

The constitutional basis for this claim under 42 U.S.C. sec. 1983 civil rights violation is the first, fourth, fifth, eighth and fourteenth amendments of the U.S. Constitution.

The relief the Plaintiff is seeking for claim:

A. One million dollars (compensatory damages ($1,000,000,00).
B. One and a half million dollars punitive damages ($1,500,000.00).

Any deemed exhaustion requirement has been fulfilled.

9.

A. **Second Claim:** Defendant, Michael J. Acquino, City of Buffalo Police Officer, used unnecessary excessive force against Plaintiff and assaulted him, under color of state law causing injuries, delayed treatment, interferred with access to treatment, disregarded condition.

The constitutional basis for this claim under 42 U.S.C. sec. 1983 civil rights violations is the first, fourth, fifth and fourteenth amendment of the U.S. constitution.

The relief Plaintiff is seeking for claim:

A. One million dollars compensatory damages ($1,000,000.00).

B. One and a half million dollars punitive damages ($1,500,000,00).

Any deemed exhaustion requirement has been fulfilled.

A. **Third Claim:** Defendant, Mark Hamilton, City of Buffalo Police Officer, used unnecessary and excessive force against Plaintiff and assaulted him causing severe injuries, under color of state law, delayed treatment, interferred with access to treatment, disregarded condition.

The constitutional basis for this claim under 42 U.S.C. sec. 1983 civil rights violations is the first, fourth, fifth, and fourteenth amendment of the U.S. constitution.

The relief Plaintiff is seeking for claim:

A. One million dollars compensatory damages ($1,000,000.00).

B. One and half million dollars punitive damages ($1,500,000.00).

Any deemed exhaustion requirement has been fulfilled.

A. **Fourth Claim:** Erie County Medical Center, Defendant, failed to provide Plaintiff with necessary and adequate medical treatment and denied him immediate surgery and primary care upon an severe, serious injury under color of state law, after diagnosing the immediate need.

The constitutional basis for this claim under 42 U.S.C. 1983 civil violation is the fourteenth amendment of the U.S. constitution.

The relief Plaintiff seeks for claim is:

A. One million dollars compensatory damages ($1,000,000.00).

B.

One and a half million dollars punitive damages ($1,500,000.00).

Any deemed exhaustion requirement has been fulfilled.

A. **Fifth Claim**: Defendant, Jane Doe#1, Doctor, Erie County Hold-
ing Center;Though Plaintiff needed immediate surgery, defendant
delayed it and it was her primary duty as his primary care
provider to provide the means for him to obtain in a timely
fashion, the much needed surgery and not have him wait five
days before receiving it; Defendant allowed him to remain
on ineffective pain medication for five days until his
surgery was completed; under color of state law.

The constitional basis for this claim under 42 U.S.C. 1983
Civil Rights Violations is the Fourteenth Amendment of the
U.S. Constitution.

The relief Plaintiff is seeking for claim:

A. One million in compensentory damages ($1,000,000.)
B. 1.5 million in punitive damages ($1,500,000.00).

Any deemed exhustion requirement has been fulfilled.

A. **Sixth Claim**: Defendant, Jane Doe #2, Nurse, Erie County Hold-
ing Center; denied Plaintiff adequate and proper medical
treatment; unnessarily left him in pain and suffering; ignored
the severity of his condition and injury; refused to correct
his pain medication for days; Mislead him when he'd hoped
to make proper and legitimate complaints about proper
treatment; was deliberately indifferent to his injuries,
condition, and situation for several days; under color of
state law.

The Constitional basis for this claim under 42 U.S.C. sec.
1983 Civil Rights Violations is the Fourteenth Amendment,
Eighth Amendment of the U.S. Constitution.

The relief Plaintiff is seeking for claim:

A.  One million in compensentory damages ($1,000,000.00).
B.  One million **Five**- Hundred thousand punitive ($1,500,000.00)

Any deemed exhustion requirement has been fulfilled.

A. **Seventh Claim**: Defendant, Jane Doe #3, Nurse, Erie County
Holding Center; denied Plaintiff adequate and proper medical
treatment; unnecessarily left him in pain and suffering;
ignored the severity of his condition and injury; refused
to correct his pain medication even after discovering they
were an improper combination of medication, then persisted
for two extra days in providing him improper medication

11.

Before he actually had surgery; mislead Plaintiff when he'd hoped
to make proper and legitimate complaints about lack of proper
treatment; was deliberately indifferent to his injuries, condition
and situation; under color of law.

The constitution basis for this claim under 42 U.S.C. sec. 1983
civil rights violation is the fourteenth amendment, eighth amendment
of the U.S. constitution.

The relief Plaintiff is seeking for claim:

A. One million dollars in compensatory damages ($1,000,000.00).

B. One and a half million in punitive damages ($1,500,000.00).

Any deemed exhausting requirement has been fulfilled.

## 9. RELIEF SOUGHT

Plaintiff has been disfigured by injury and will require plastic
surgery to repair scars that are seven inches long, one inch wide
on one side; and five inches long, three-fourth inches wide on the
opposite side. Plaintiff was an employed plumber who now have very
limited use of his arm. A plumber who once used 90 pound jackhammer,
other heavy equipment on his job details, even smaller tools.
Now he feels pain in arm for even modest use of it. Feels sharp pain
when arm is turned in certain angles. He presently takes ant-flammatory
medications for pain. And medication for relief of arthritis due to
injury caused by defendants.

Claim One- One million dollars compensatory requested.
         One and half million in punitive requested.

Claim Two- One million dollars compensatory requested.
         One and half million in punitive requested.

Claim Three- One million dollars compensatory requested.
          One and half million in punitive requested.

Claim Four- One million dollars in compensatory requested.
         One and half million in punitive requested.

Claim Five- One million dollars in compensatory requested.
         One and half million in punitive requested.

Claim Six- One million dollars in compensatory requested.
         One and half million in punitive requested.

Claim Seven- One million dollars in compensatory requested.
          One and half million in punitive requested.

In total seven million dollars ($7,000,000.00) in compensatory damages is requested. Ten million, five hundred thousand dollars ($10,500,000.00) in punitive damages is requested.

### PLAINTIFF REQUEST A JURY TRIAL-

I declare under penalty of perjury that the foregoing is true and correct.

Executed On September 4, 2015

Richard Bowden #13B0137
Wyoming Correctional Facility
P.O. Box 501
Attica, N.Y. 14011-0501

13.

E X H I B I T S

E X H I B I T S

E X H I B I T   S





ERIE COUNTY MEDICAL CENTER
HEALTHCARE NETWORK

462 Grider Street                                                                 Buffalo, New York 14215

## DEPARTMENT OF IMAGING SERVICES

PT NAME: BOWDEN,RICHARD E
MRN: M000554077
DOB: 06/12/1981     Sex: M
Service Date: 09/21/12 Time: 1732

Pt Type: DEP ER     Pt Location: ER
Attending:
Referring: SNYDER, RYAN E MD, (RES)
Primary Care: UNKNOWN PRIMARY CARE
PROVIDER
Account Number: V00003515829
REPORT NO: 0924-0409

Requisition No: 12-0095929
Procedures
0921-0084 ERAD/ER HAND LEFT COMPLETE 73130
0921-0085 ERAD/ER WRIST LEFT COMPLETE 73110
0921-0086 ERAD/ER FOREARM LEFT 73090

Left hand RADIOGRAPHS

CLINICAL HISTORY: Left hand pain after injury in altercation

COMPARISON: None

TECHNIQUE. Three views. PA lateral and oblique views of the left hand are submitted

FINDINGS: There is no fracture, dislocation or other bone or joint abnormality.

IMPRESSION: Normal left hand.

Left wrist RADIOGRAPHS

CLINICAL HISTORY: Left wrist pain after injury in altercation

COMPARISON: None

TECHNIQUE.Three views. PA, lateral and oblique views of the left wrist are submitted.

FINDINGS: There is no fracture, dislocation or bone or joint abnormality

IMPRESSION: Normal left wrist.

Left forearm RADIOGRAPHS

CLINICAL HISTORY. Left forearm pain after injury in altercation.

COMPARISON: None

TECHNIQUE. Two views. A and lateral views of the left forearm are submitted.

FINDINGS: There are transverse fractures of the distal left radius and ulna. The distal radial fragment is volar angulated. The distal ulnar fragment is minimally dorsally angulated.

ERIE COUNTY MEDICAL CENTER
HEALTHCARE NETWORK

462 Grider Street _____ Buffalo, New York 14215

**DEPARTMENT OF IMAGING SERVICES**

PT NAME: BOWDEN,RICHARD E
MRN. M000554077
DOB: 06/12/1981      Sex: M
Service Date: 09/21/12 Time: 1842

Requisition No· 12-0095944
Procedures
0921-0101 ERAD/ER FOREARM LEFT 73090

Pt Type: DEP ER    Pt Location· ER
Attending:
Referring: BROWN, MATTHEW J MD, (RES)
Primary Care  UNKNOWN PRIMARY CARE
PROVIDER
Account Number· V00003515829
REPORT NO: 0924-0414

Left forearm RADIOGRAPHS

CLINICAL HISTORY: Post reduction views of the left forearm fractures.

COMPARISON: Prereduction views approximately 2 hours earlier

TECHNIQUE: Three views. PA and 2 lateral views of the left forearm are submitted.

FINDINGS. Views are acquired through a semiopaque cast.
The transverse fractures of the distal thirds of the left radius and ulna have been reduced and the
angulation has been corrected. Cast maintains the fractures in very good alignment.

IMPRESSION: Closed reduction of the distal radial and ulnar fractures in good alignment.

Films reviewed and dictated by·      CHARLES TIRONE MD 09/24/12 1545
Signed by:                           <Electronically signed by CHARLES TIRONE MD>
Sign date / time:                    09/24/12 1548

09/24/12 1545 XXX

Copies To. KRAUSE,RICHARD S MD
  Printed:

ERIE COUNTY MEDICAL CENTER
HEALTHCARE NETWORK

462 Grider Street                                                                Buffalo, New York 14215

## DEPARTMENT OF IMAGING SERVICES

PT NAME: BOWDEN,RICHARD E
MRN M000554077
DOB: 06/12/1981      Sex: M
Service Date 09/26/12 Time: 0926
Requisition No. 12-0097574
Procedures
0926-0077 RAD/XR FOREARM LEFT 73090

Pt Type: REG CLI    Pt Location: ORTHO
Attending: ROHRBACHER,BERNHARD J MD
Referring: ROHRBACHER, BERNHARD J MD
Primary Care: MOSCATI,RONALD M MD
Account Number: V00003517832
REPORT NO: 0928-0159

X-ray of left forearm
Two views
Reduction and cast
Fiberglass cast is seen around left forearm. Fracture of distal radius and ulna. Fracture fragments are in partial alignment. No fracture of the proximal and middle shaft of the radius and ulna.

Interpretation
Reduction and cast for fracture of distal radius and ulna fracture fragments are in partial alignment
No significant change since this x-ray of September 21, 2012

Films reviewed and dictated by: ___ SHANTIKUMAR D BEDMUTHA MBBS 09/28/12 1043
Signed by:                        <Electronically signed by SHANTIKUMAR D BEDMUTHA MBBS>
Sign date / time:                 09/28/12 1043

09/28/12 1043 XXX

Copies To. ROHRBACHER,BERNHARD J MD
   Printed:



Wyoming Correctional Facility
P.O. Box 501

ATTICA .NY. 14011 - 0501
R. Bowden 13DO137

Z NIAGARA Sq    U.S. District Court
                Western District of New York
                US Court House
                68 Court Street
                Buffalo NY 14202

Legal Mail

CERTIFIED MAIL
7015 1520 0000 4310 6360

WYOMING
CORRECTIONAL
FACILITY

UNITED STATES POSTAGE
$08  SEP 1
02 1A
0004375155
MAILED FROM ZIP CODE
550
2015
4011