UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



___

RICHARD BOWDEN,

     Plaintiff,

v.

CITY OF BUFFALO, ET AL.,

     Defendants.

___

**DECISION AND ORDER**

6:15-CV-06565 EAW

Plaintiff Richard Bowden ("Plaintiff"), *pro se* and incarcerated, filed this action pursuant to 42 U.S.C. § 1983, asserting constitutional violations arising out of his arrest in September 2012 and medical care he received during his subsequent incarceration. (Dkt. 1). On March 29, 2018, Magistrate Judge Marian W. Payson issued a Decision and Order and Report and Recommendation. (Dkt. 71). In it, Judge Payson granted Plaintiff's motion for leave to file an amended complaint to add Charles Tirone ("Tirone") and Mathew J. Brown ("Brown") as defendants (Dkt. 32; Dkt. 36) and recommended that this Court resolve certain other motions as follows: (1) deny Plaintiff's motion to amend to add Timothy B. Howard ("Howard") as a defendant, substitute the City of Buffalo Police Department as a party to the action, and assert a conspiracy claim against defendants Michael J. Acquino ("Acquino") and Mark Hamilton ("Hamilton") (Dkt. 32; Dkt. 36); (2) grant defendant Janet Collesano's ("Collesano") cross-motion for dismissal of claims against her (Dkt. 49); and (3) deny as moot Collesano's request to stay discovery (Dkt. 52) and motion to extend the scheduling order (Dkt. 66). The Court assumes familiarity with

- 1 -

the facts of this case, as set forth in Judge Payson's Decision and Order and Report and Recommendation. (Dkt. 71).

Plaintiff timely filed objections to the Report and Recommendation (Dkt. 74; Dkt. 76), to which Defendants responded (Dkt. 78; Dkt. 79; Dkt. 80; Dkt. 81; Dkt. 82). Plaintiff also filed reply papers in further support of his objections.[1] (Dkt. 83).

A district court reviews any specific objections to a report and recommendation under a *de novo* standard. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). To trigger *de novo* review, objections must "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection." L.R. Civ. P. 72(b); *see, e.g.*, *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). In the absence of a specific objection, the district court reviews for clear error or manifest injustice. *Singh v. N.Y. State Dep't of Taxation & Fin.*, 865 F. Supp. 2d 344, 348 (W.D.N.Y. 2011). Following review of the report and recommendation, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

---

[1] The Court is in receipt of the County Defendants' letters, dated June 20 and 26, 2018, addressed to Plaintiff and copied to this Court. In the letters, the County Defendants request that the Court disregard and strike Plaintiff's Reply (Dkt. 83) in further support of his objections to the Decision and Order and Report and Recommendations (Dkt. 71), arguing that the reply is procedurally defective under Fed. R. Civ. P. 72(b)(2). The Court declines to consider the County Defendants' letter requests. If any party seeks relief from this Court, it should be requested by filing an appropriate motion, *see* L.R. Civ. P. 7, not by copying the Court on correspondence to an opposing party.

Upon *de novo* review of those portions of the Report and Recommendation to which Plaintiff objected, the Court adopts the Report and Recommendation in its entirety. In brief, Plaintiff did not objection to that portion of the Report and Recommendation that recommended granting Collesano's motion for judgment on the pleadings; however, even if Plaintiff had properly objected and the Court reviewed it *de novo*, the Court agrees with the Report and Recommendation for the reasons set forth therein. (Dkt. 71 at 12-19). Further, although Plaintiff objects on substantive grounds to the recommendation to deny Plaintiff's motion to amend to add Howard as a defendant, Plaintiff fails to address the untimeliness of his claim against Howard. In any event, the Court agrees with Judge Payson's conclusion regarding Plaintiff's motion to amend to add Howard as a defendant, for the reasons set forth in the Report and Recommendation. (*See id.* at 19-23). The Court also adopts the Report and Recommendation to the extent that it recommends denying leave to amend to assert a conspiracy claim against Acquino and Hamilton and to substitute the City of Buffalo Police Department for the City of Buffalo. (*Id.* at 23-26). Although Defendants imply otherwise in their opposition filing, the City of Buffalo remains a defendant in this action.

Accordingly, for the reasons set forth above and in Judge Payson's Decision and Order and Report and Recommendation, the Court (1) denies Plaintiff's motion to amend to add Howard as a defendant, substitute the City of Buffalo Police Department as a party to the action, and assert a conspiracy claim against Acquino and Hamilton (Dkt. 32; Dkt.

36); and (2) grants Collesano's cross-motion for dismissal of claims against her (Dkt. 49).[2] The Court directs Plaintiff to submit an amended complaint setting forth in one document his original claims and the permitted claims against Brown and Tirone. Plaintiff must file such amended complaint with the Clerk of the Court on or before **July 27, 2018**. (*See* Dkt. 88). If Plaintiff elects not to file an amended complaint by that date, the original complaint shall remain the operative pleading. The Clerk of Court is directed to terminate Collesano as a party to this action.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: July 3, 2018
Rochester, New York

---

[2] Judge Payson additionally recommended that this Court deny Collesano's requests to stay discovery (Dkt. 52) or to extend the scheduling deadlines (Dkt. 66). (Dkt. 71 at 26). Because those requests are not dispositive, the Court questions whether they are properly included in the Report and Recommendation as opposed to Judge Payson's Decision and Order. Regardless, because the Court grants Collesano's cross-motion for judgment on the pleadings, those requests are properly denied as moot.

- 4 -