UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RICHARD BOWDEN,

                                                                    DECISION & ORDER and
                          Plaintiff,                    AMENDED SCHEDULING ORDER

           v.                                      15-CV-6565W

CITY OF BUFFALO, et al.,

                              Defendants.
_____

        Plaintiff Richard Bowden ("Bowden"), acting *pro se*, has commenced this action asserting claims against the City of Buffalo (the "City") and its police officers Michael J. Acquino ("Acquino") and Mark Hamilton ("Hamilton") (collectively, the "City Defendants"), two Jane Doe defendants who worked at the Erie County Holding Center ("ECHC"), and Matthew J. Brown ("Brown"), MD, and Charles Tirone ("Tirone"), MD, physicians who worked at Erie County Medical Center ("ECMC"), asserting claims under 42 U.S.C. § 1983 arising out of his arrest on September 21, 2012, and the medical care he received during his subsequent detention.[1]  (Docket # 1).  Currently pending before this Court are several discovery motions relating to interrogatories served by Tirone.  (Docket ## 104, 106, 110, 116).

        Tirone propounded written interrogatories to Bowden on August 14, 2019. (Docket # 104-6).  According to Tirone, despite the fact that he sent a letter to Bowden requesting the outstanding responses, Bowden still failed to respond to the interrogatories. (Docket # 104-1 at ¶¶ 9-11).  Thus, on October 3, 2019, Tirone filed a motion seeking to compel

---

[1] Brown also asserted claims against ECMC and Janet Collessano, but they were subsequently dismissed from the action.  (Docket ## 1, 3, 5, 71, 89).

Bowden's responses. (Docket # 104). The motion also sought an order compelling Bowden to provide Rule 26 mandatory disclosures and extending the scheduling order. (Docket # 104-1 at ¶ 14).

Bowden did not oppose Tirone's motion; rather, he filed cross-motions seeking an extension of his time to respond to the interrogatories and a protective order limiting his responses "to defendant Tirone's implication as defined by the Amended Complaint[]." (Docket ## 106; 110 at 1; 116 at 1).[2] According to Bowden, his delay in responding to the interrogatories resulted from the "misplace[ment]" of his mail. (Docket # 106). With respect to his motion for a protective order, Bowden contends that he should be permitted to limit his responses only to information relevant to the six paragraphs in the complaint specifically concerning Tirone's alleged conduct. (Docket # 116 at ¶¶ 4-5). On January 7, 2020, Bowden responded to the outstanding interrogatories, but declined to answer many of them and provided only partial responses to others pending resolution of his motion for a protective order.[3] (Docket # 115).

Tirone opposes Bowden's motions for an extension of time to respond to the interrogatories and for a protective order.[4] (Docket ## 109, 113, 118). Tirone maintains that his requests seek relevant information and that Bowden should not be permitted to limit his responses. (Docket # 118 at ¶¶ 13-15).

---

[2] Bowden filed two motions for a protective order that seek the same relief. (*Compare* Docket # 110 *with* # 116).

[3] Curiously, Bowden also refused to answer certain interrogatories that asked for information about his interactions and conversations with Tirone "in connection with the claims set forth in the amended complaint" and his ability to describe and identify Tirone. (*See* Docket ## 104-6 at 6-7 (Interrogatories Nos. 7-9); 115 at 3).

[4] Tirone's opposition papers seek dismissal of Bowden's claims against him as a sanction for Bowden's failure to comply with his discovery obligations – relief that was not sought in the original motion papers. (Docket # 109 at ¶ 9). That request is denied.

As reflected above, subsequent developments have rendered moot certain portions of the parties' motions.  Tirone's application for an order compelling Bowden's interrogatory responses is moot in view of Bowden's subsequent responses.  For the same reason, Bowden's motion for an extension of time to respond is also moot.  (Docket ## 104, 106, 115).

By contrast, Bowden apparently still has not provided his mandatory Rule 26 disclosures.  Tirone's request that he do so is granted, and Bowden is hereby directed to provide those disclosures by no later than **October 2, 2020**.  Tirone's request to extend the scheduling order is unopposed and, as set forth below, that request is granted.

With respect to Bowden's motions seeking to limit his interrogatory responses (Docket ## 110, 116), I agree with Tirone that there is no legal justification for Bowden's requested protective order.  For example, as a defendant in this action, Tirone is permitted to seek discovery concerning the full scope of Bowden's claimed injuries and damages – including information regarding preexisting conditions, other potential causes of the injuries, the duration of the injuries, the effect of one injury or preexisting condition on another, the scope of the treatment – not just injuries that Bowden attributes to Tirone's conduct.  Tirone is also permitted to seek discovery concerning all of the allegations in the complaint – not merely the alleged conduct that Bowden attributes to Tirone.  Accordingly, Bowden's application for a protective order is denied.  Bowden is directed to answer the interrogatories he refused to answer and to supplement the answers to those to which he provided only partial responses.  Bowden must serve such responses by no later than **October 2, 2020**.

For the reasons explained above, Tirone's motion to compel and for an extension of the scheduling order **(Docket # 104)** is **GRANTED in part and DENIED in part as moot**, Bowden's motion for an extension of time to serve his interrogatory responses **(Docket # 106)** is

**DENIED as moot**, and Bowden's motions for a protective order **(Docket ## 110, 116)** are **DENIED.  Bowden is directed to provide Rule 26 mandatory disclosures and supplement his interrogatory responses by no later than October 2, 2020.  Bowden is cautioned that his failure to comply with his discovery obligations may result in the imposition of sanctions, including an order dismissing this action.**  It is further

**ORDERED**, that this Court's February 21, 2019 Amended Scheduling Order (Docket # 102) shall be amended as follows:

1. Any deposition of plaintiff by defendants must be completed by **November 10, 2020**.

2. All discovery in this case shall conclude on **November 10, 2020**.  All motions to compel discovery shall be filed by **November 17, 2020**.

3. Plaintiff shall identify any expert witnesses pursuant to Fed. R. Civ. P. 26(a)(2)(A) and provide reports pursuant to Rule 26(a)(2)(B) and/or disclosures pursuant to Rule 26(a)(2)(C) by **November 10, 2020**.  Defendants shall identify any expert witnesses and provide reports pursuant to Fed. R. Civ. P. 26 by **November 24, 2020**.  Parties shall complete all discovery relating to experts, including depositions, by **December 11, 2020**.

4. All dispositive motions shall be filed no later than **January 8, 2021**.

**NOTE: If the dispositive motion is filed against a party who is appearing in this action *pro se*, the moving party must include the advisement set forth in the notice attached to this Order.**

5. If no dispositive motions are filed, defense counsel shall notify the Court in writing on or before the dispositive motion deadline date.

      6.      No extension of the above cutoff dates will be granted except upon written joint motion, filed prior to the cutoff date, showing good cause for the extension.

      7.      **In accordance with Fed. R. Civ. P. 16(f), if a party or party's attorney fails to obey this scheduling order or fails to participate in good faith, this Court will enter appropriate sanctions against that party or that party's attorney, including dismissal of this action, if appropriate.**

**IT IS SO ORDERED.**

                                            *s/Marian W. Payson*
                                            MARIAN W. PAYSON
                                            United States Magistrate Judge

Dated:  Rochester, New York
          September 11, 2020

## *PRO SE* NOTICE

**Plaintiff is hereby advised that the defendant has asked the Court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion. THE CLAIMS PLAINTIFF ASSERTS IN HIS/HER COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF HE/SHE DOES NOT RESPOND TO THIS MOTION by filing his/her own sworn affidavits or other papers as required by Rules 56(c) and (e) of the Federal Rules of Civil Procedure. An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial.**

**In short, Rule 56 provides that plaintiff may NOT oppose summary judgment simply by relying upon the allegations in the complaint. Rather, plaintiff must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising issues of fact for trial. Any witness statements, which may include plaintiff's own statements, must be in the form of affidavits. Plaintiff may file and serve affidavits that were prepared specifically in response to defendant's motion for summary judgment.**

**Any issue of fact that plaintiff wishes to raise in opposition to the motion for summary judgment must be supported by affidavits or by other documentary evidence contradicting the facts asserted by defendant. If plaintiff does not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the facts asserted by defendant, the Court may accept defendant's factual assertions as true. Judgment may then be entered in defendant's favor without a trial.**

**Pursuant to Rules 7(a) and 56(a) of the Local Rules of Civil Procedure for the Western District of New York, plaintiff is required to file and serve the following papers in opposition to this motion: (1) a memorandum of law containing relevant factual and legal argument; (2) one or more affidavits in opposition to the motion; and (3) a separate, short, and concise statement of the material facts as to which plaintiff contends there exists a genuine issue to be tried, followed by citation to admissible evidence. In the absence of such a statement by plaintiff, all material facts set forth in defendant's statement of material facts not in dispute will be deemed admitted. A copy of the Local Rules to which reference has been made may be obtained from the Clerk's Office of the Court.**

**If plaintiff has any questions, he/she may direct them to the Pro Se Office.**

**Plaintiff must file and serve any supplemental affidavits or materials in opposition to defendant's motion no later than the date they are due as provided in Rule 7(b) of the Local Rules of Civil Procedure for the Western District of New York.**